IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 15-00102-CG-B |
| DSD SHIPPING, A.S., <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on DSD Shipping, A.S.'s motion to strike surplusage from the indictments and motion in limine to preclude the use of certain terms at trial (Doc. 150) and the United States' response (Doc. 176). For the reasons stated herein, the court finds that DSD's motion should be denied.

DSD Shipping, A.S. ("DSD") requests that the terms "magic pipe" and "bypass pipe" be stricken from the indictments as surplusage. DSD also requests that the Court preclude the Government and its witnesses from referencing in any manner the terms "magic pipe," "bypass pipe," "illegal discharge(s)," "pollution," or "environmental crime(s)" or from referring to the Defendants as "polluters." DSD contends that such terms are prejudicial and are not relevant to the charges.

Rule 7(d) of the Federal Rules of Criminal Procedure provides that, "upon the defendant's motion, the court may strike surplusage from the

1

indictment or information." FED. R. CRIM. P. 7(d). "A motion to strike surplusage from an indictment should not be granted 'unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial. This is a most exacting standard.' " United States v. Brye, 318 Fed. Appx. 878, 880 (11th Cir. 2009) (quoting United States v. Awan, 966 F.2d 1415, 1426 (11th Cir.1992)).  Thus, this is a two-prong test.  To prevail, the Defendant must first show that the allegations are not relevant to the charges.  Then, if that burden is met, the Defendant must show that the challenged language is unfairly prejudicial and inflammatory. See United States v. Williams, 2008 WL 4867748, * 3 (S.D. Fla. 2008) (holding that "even when prejudice can be shown, the Court should not strike the information contained in the indictment if it is relevant to the charged offense").  "[I]f evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language is, it may not be stricken." United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990).

    DSD argues that the terms "magic pipe" and "bypass pipe" are synonymous with the commission of illegal discharges which has not been charged in this case.  DSD contends that because the charges in this case are for record keeping violations, obstruction of justice and witness tampering, those terms are irrelevant and are not essential elements of the charged violations.  DSD cites four cases where it was found that the pollution or improper discharges themselves were not relevant conduct in cases charging

record keeping violations and obstruction of justice.  See United States v. Ionia Mgmt., S.A., 498 F.Supp.2d 477 (D. Conn. 2009); United States v. Jho, 534 F.3d 398, 404 (5th Cir. 2008); United States v. Abrogar, 459 F.3d 430 (3d Cir. 2006); United States v. Petraia Ltd., No. 2:06-cr-00091, at Docs. 88, 97 (D. Me. 2007).   However, the context of the statements cited in the first three cases are completely different from the issues presented here.

In the first case, the court was analyzing whether it had jurisdiction to prosecute record keeping violations when the pollution and actual record keeping occurred outside the jurisdiction of the United States. Ionia Mgmt., S.A., 498 F.Supp.2d at 487.  The court merely found that it had jurisdiction over the misrepresentations in port, even though the actual record book entries and pollution occurred outside the jurisdiction of the United States. Id.

The next two cases, Jho and Abrogar, involve analysis of the scope of the relevant conduct under sentencing guidelines.  Both of these courts discussed the fact that the defendants were not charged with the alleged improper discharges because they did not occur within the jurisdiction of the United States and held that the defendants could not be punished for conduct that occurred outside United States waters. Jho, 534 F.3d at 404; Abrogar, 459 F.3d at 437.  The Jho and Abrogar courts did not find that testimony regarding the alleged improper discharges or the use of terms to describe that conduct was irrelevant at trial.

The only case cited by DSD that concerns the use of similar terms at trial is an unreported ruling from the district of Maine, Petraia Ltd., No. 2:06-cr-00091.  This Court is obviously not bound by any ruling in Petraia Ltd., and moreover, this Court finds that the ruling is not directly analogous to the issues here.  In Petraia Ltd. the defendant moved to preclude the government from referring to the case as an "environmental crimes" or "pollution" case or to the defendant as a "polluter."  The court entered an endorsement or docket entry (in other words, with no written order or explanation), granting the motion in limine "regarding references to this as a 'environmental crimes' or 'pollution' case." Petraia Ltd., No. 2:06-cr-00091, at Doc. 97.  The Petraia Ltd. court did not hold that the government could not use the terms "environmental crimes" or "pollution," but merely that the government could not refer to the case as an environmental crimes case or a pollution case.

In the instant case, the terms "bypass pipe" and "magic pipe" are used in the indictment to identify a specific type of pipe that was used on the *M/T Stavanger Blossom*.  The terms are reportedly universally used by mariners and Coast Guard officials to refer to this category of piping configuration.  Proof of the alleged illegal discharges is relevant to a determination of whether the record books are accurate.  These terms fairly describe the alleged conduct underlying the specific offenses that Defendants are charged with committing and that the Government hopes to prove at trial.

4

Accordingly, the Court finds that the terms "magic pipe," "bypass pipe," "illegal discharge(s)," "pollution," and "environmental crime(s)" are neither irrelevant nor unfairly prejudicial.  Likewise, the Court finds that reference to the Defendants as "polluters" is not inflammatory.  Although it could be argued that this is not an environmental crimes case or a pollution case because the Defendants have not been charged with those violations, the charges in this case are supported by the allegation that the Defendants polluted and are polluters.

## CONCLUSION

For the reasons explained above, the motion of DSD Shipping, A.S. to strike surplusage from the indictments and motion in limine to preclude the use of certain terms at trial (Doc. 150), is **DENIED**.

**DONE** and **ORDERED** this 24th day of September, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE