IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) </br> ) </br> ) |
| v. | ) </br> ) </br> ) CRIMINAL NO. 15-00102-CG-B |
| **DSD SHIPPING, A.S., et al.,** | ) </br> ) |
| **Defendants.** | ) </br> ) |

## ORDER

This matter is before the Court on DSD Shipping, A.S.'s motion in limine to exclude evidence of a subsequent remedial measure (Doc. 153), the United States' response (Doc. 176), and DSD Shipping, A.S's reply (Doc. 180). For reasons that will be explained below, the court finds that the motion should be granted.

DSD Shipping, A.S. ("DSD") moves to exclude evidence of the replacement of the Stavanger Blossom's oily water separator ("OWS") after the United States' investigation commenced. DSD contends that under Rule 407, such evidence constitutes a subsequent remedial measure and is unfairly prejudicial and therefore, inadmissible. The United States disagrees, arguing that Rule 407 is a civil rule of evidence that has no application in criminal cases and that even if Rule 407 applies to this case, the evidence can still be offered as proof of a prior condition. The Court finds the United States' arguments fall short.

1

Federal Rule of Evidence 1101 provides that the Federal Rules of Evidence apply in not only "civil cases and proceedings, including bankruptcy, admiralty, and maritime cases;" but also "criminal cases and proceedings." FED. R. EVID. 1101(b).  Thus, "the plain language of Rule 1101(b) renders each of the Federal Rules of Evidence—including [Rule 407]— generally applicable to criminal cases and proceedings." See United States v. Arias, 431 F.3d 1327, 1336 (11th Cir. 2005) (citing 1101(b) and discussing the application of Rule 408 to criminal cases).

Federal Rule of Evidence 407 states the following:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
> - negligence;
> - culpable conduct;
> - a defect in a product or its design; or
> - a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures.

FED. R. EVID. 407.  The United States contends that the language of Rule 407 indicates that the Rule applies only to civil contexts.  The Rule only precludes evidence that would have made an earlier injury or harm less likely to occur.  However, neither harm nor injury are exclusively civil matters.  The harm in this case was to the environment.  The Defendants are charged with violating the International Convention for the Prevention of Pollution from Ships (MARPOL) and the Act to Prevent Pollution from Ships (APPS), which were enacted "to achieve the complete elimination of intentional

2

pollution of the marine environment by oil and other harmful substances and the minimization of accidental discharge of such substances." United States v. Pena, 684 F.3d 1137, 1142 (11th Cir. 2012) (quoting MARPOL).  The alleged harm to the environment caused by the Defendants in this case, is exactly what MARPOL and APPS were enacted to prevent.

The United States also contends that the type of things Rule 407 precludes the use of subsequent measures to prove (negligence, culpable conduct, a defect in a product or its design or a need for a warning or instruction) are also indicative of civil cases.  However, culpability is clearly an element in both civil and criminal cases.

The Court would agree that the possibility that subsequent remedial measures will be taken does not arise under most criminal contexts.  There simply is no way for a party to do something to alleviate the danger or eliminate the possibility of future harm in most criminal cases.  However, where, as here, subsequent remedial measures are possible in a criminal case, Rule 407 does not state that the case is excluded from its application. "[W]here the drafters of the Rules intended to prevent the application of a particular Rule to criminal cases, they provided so expressly. Arias, 431 F.3d at 1336-37 (citations omitted).  For instance, Federal Rule of Evidence 803 provides that public records are not to be excluded as hearsay when setting forth "a matter observed while under a legal duty to report, but not including, in a criminal case." FED. R. EVID. 803(A)(ii); see also United States v. Bailey,

3

327 F.3d 1131, 1146 n. 6 (10th Cir. 2003) (citations omitted). DSD points out that there are other examples of rules that are expressly applied only to civil cases. See e.g. FED. R. EVID. 301 ("In a civil case …"); FED. R. EVID. 302 ("In a civil case …"); FED. R. EVID. 404(a)(2) ("The following exceptions apply in a criminal case: …"). "Where the drafters of [the Rule] did not expressly preclude application of [the Rule] to criminal cases, we are reluctant to construe that decision as inadvertent." Arias, 431 F.3d at 1337. While at least two district courts have concluded that the Rule was meant to apply only to civil cases, see, e.g., United States v. Gallagher, 1990 WL 52722 (E.D. Pa., April 24, 1990) and United States v. Wittig, 425 F.Supp.2d 1196 (D. Kan. 2006), this Court finds the structure of the Rules and the express command of Rule 1101(b) more compelling. See Arias, 431 F.3d at 1337.[1]

The United States contends that even if Rule 407 applies, the evidence may still be offered as proof of a prior condition. The United States relies primarily on Bailey v. Kawasaki-Kisen, K.K., 455 F.2d 392 (5th Cir. 1972), as support for this argument. In Bailey, the plaintiffs attempted to introduce

---

[1] There are at least two district courts that have applied Rule 407 to criminal cases. See e.g. United States v. Parnell, 32 F. Supp.3d 1300, 1304 (M.D. Ga. 2014) (agreeing with government in a case where defendants had been indicted for crimes arising from the sale of salmonella-contaminated peanuts, that Rule 407 did not preclude admissibility because the evidence was being offered to show the absence of industry standards.); United States v. Shanrie Co., 2008 WL 161467, at *1 (S.D. Ill. Jan. 17, 2008) (agreeing with government in Fair Housing Act violations case that Rule 407 did not preclude admissibility because the evidence was being offered to prove feasibility and not to prove "negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction").

evidence that excessive grease had been removed from a winch.  The Court held that the evidence should have been admitted because it "was offered to negate the Shipowner's defense of operational negligence by showing that the winch was in fact defective because it was too greasy to operate properly" and to show that "the danger could easily be eliminated by the most perfunctory of operations."[2] Id. at 396.  However, as the Fifth Circuit later pointed out Bailey preceded both the Federal Rules of Evidence and the 1997 Amendments to the Rules, which added that "subsequent remedial measures may not be used to prove 'a defect in a product or its design.' " Rutledge v. Harley-Davidson Motor Co., 364 F. App'x 103, 106 n. 4 (5th Cir. 2010) (citing FED. R. EVID. 407 advisory committee notes).  The Rutledge Court found that the evidence in that case was inadmissible under Rule 407 to show "a pre-existing condition that caused her motorcycle to be potentially dangerous." Rutledge, at 106.  The Court found that the stated purpose fell "squarely within Rule 407's bar on evidence of subsequent remedial measures offered 'to prove ... a defect in a product[ or] a defect in a product's design.' "

In this case, the United States has not suggested that there is a dispute as to any issue that would render the evidence admissible, such as ownership, control or feasibility of precautionary measures.  The advisory committee notes to Rule 407 state that the rule is broad enough to encompass

---

[2] The Court notes that whether the danger could be eliminated is a question of feasibility which is a purpose for which Rule 407 expressly allows the admission of subsequent remedial measures.

5

the exclusion of, among others, "subsequent repairs" and the "installation of safety devices." In the instant case, the evidence the United States seeks to admit is of subsequent repairs or the installation of remedial equipment to show that the equipment was faulty prior to the repairs. The admission of such evidence would discourage future parties from taking remedial steps to prevent further violations and harm. The Court finds that the stated purpose for the evidence falls squarely within Rule 407's bar of evidence of subsequent measures to prove culpable conduct.[3]

## CONCLUSION

For the reasons explained above, the motion of DSD Shipping, A.S. to exclude evidence of a subsequent remedial measure (Doc. 153), is **GRANTED**.

**DONE** and **ORDERED** this 29th day of September, 2015.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that evidence of DSD's replacement of the equipment does not necessarily amount to an admission because DSD contends that they were replaced based on concerns about future serviceability, not because it knew that they were faulty. Additionally, the United States has other means of showing the condition of the equipment prior to replacement. According to the United States, it will provide testimony from Chief Engineer Dancu, Engine Department crewmembers, and the vessel surveyor to establish that the OWS was inoperable. The subsequent replacement is merely further evidence of the condition of the equipment at the time of the offense. As such, the Court finds that the evidence could also be excluded under Rule 403, because its probative value is substantially outweighed by a danger of unfair prejudice.