IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 15-00102-CG-B |
| ) | |
| DSD SHIPPING, A.S., et al., ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Defendant DSD Shipping, A.S.'s Motion to Exclude the Government's Proposed Expert Testimony or, in the Alternative, to Compel Supplemental Notice (Doc. 152), the United States' Response in Opposition (Doc. 176) and Defendant's Reply (Doc. 183). Two other defendants moved to adopt DSD Shipping, A.S.'s motion: Xiaobing Chen (Doc. 156) and Xin Zhong (Doc. 158).[1] The Court granted the motions to adopt. (Doc. 162, 163). Based on the foregoing, Defendants' motion is denied in part and granted in part.

## STATEMENT OF THE LAW

Upon a defendant's request in a criminal matter, the government must provide the defendant with a written summary of any expert testimony it intends to use in its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(G). Any expert summary the government provides "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id. This rule does not

---

[1] DSD Shipping, A.S.; Xiaobing Chen; and Xin Zhong are hereinafter referred to as "Defendants."

limit the amount of information the government may disclose but creates a minimum threshold.  Fed. R. Crim. P. 16 advisory committee's notes, 1974 amendment.  In noticing a defendant, the Eleventh Circuit has made it clear that the bases and reasons supplied in the summary should include "not only written and oral reports, tests, reports, and investigations, but any information that might be recognized as a legitimate basis for an opinion …." United States v. Holland, 223 F. App'x 891, 894 (11th Cir. 2007) (quoting Fed. R. Crim. P. 16 advisory committee's notes, 1993 amendment).

Rule 16 disclosure is intended to "minimize the results from unexpected expert testimony … and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination."  Fed. R. Crim. P. 16 advisory committee's notes, 1993 amendment; see also United States v. Noe, 821 F.2d 604, 607 (11th Cir. 1987) (noting that the purpose of Rule 16(a) is to protect a defendant's right to a fair trial).  But as the committee notes caution, the requirement for expert disclosure is "not intended to create unreasonable procedural hurdles."  Fed. R. Crim. P. 16 advisory committee's notes, 1993 amendment.  And disclosure does not require the government to disclose every "nuance and detail" of its expert's opinion, "or which may be drawn out on cross-examination."  United States v. Campbell, 2006 WL 346446, at *1 (N.D. Ga. Feb. 13, 2006).

## DISCUSSION

On July 10, 2015, the United States filed its Notice of Expert Witnesses. (Doc. 82). Within the filing, the United States notified Defendants of five potential expert witnesses: (1) Kristy Juaire, (2) James Dolan, (3) Kathryn Cappetta, (4) Kevin Levy, and (5) Fred Reynolds. Defendants argue that each should be excluded. The Court will address each in turn.

### 1. Kristy Juarie

The first expert the United States proposes is Kristy Juaire ("Juaire"). The United States disclosed:

> Ms. Kristy Juaire is an expert in the field of oil sample analysis. Ms. Juaire will testify about testing she conducted of oil samples taken from the *M/T Stavanger Blossom*. A report of Ms. Juaire's analysis and results has been previously provided to counsel for the defendants. Ms. Juaire is prepared to testify consistent with the report. Ms. Juaire bases her opinions on the results of analysis of samples by gas chromatography (GC) and gas chromatography-mass spectrometry (GC-MS). She further bases her opinions on her experience and training, as described in her curriculum vitae that has been separately provided to counsel for the defendants as part of this notice. Finally, Ms. Juaire will testify about the differences between samples taken from pipes, storage tanks, and various locations on the vessel.

Id. at 1.

Defendants aver that the United States' disclosure regarding Juaire fails to offer her opinion, a summary interpretation of her report relied on, or how the sampling method she used related to her reports. On the other hand, the United States contends that its notice is sufficient when considered in conjunction with Juaire's resume and 300-page report provided in discovery. (Doc. 176, p. 15).

The United States' disclosure of Juaire's curriculum vitae may provide sufficient notice of her qualifications. Further, a solid foundation has been laid for

the bases and reasons of Juaire's opinion by stating that she relied on GC and GC-MS testing and prepared a 300-page report of analysis.[2] But as Defendants argue, it is intuitive that complex expert testimony requires a heightened level of detail to at least summarize the methodology used and conclusion(s) drawn. (Doc. 152, p. 6). The United States, however, fails to provide a summary of the methodology employed. This summary is necessary to test the merits of Juaire's analysis. See United States v. Davis, 514 F.3d 596, 613 (6th Cir. 2008) (finding the government's disclosure insufficient when it failed to provide the methods that led a chemist to his conclusion).

Instead, the disclosure "provide[s] a list of the general subject matters to be covered, [and] d[oes] not identify what opinion[s] the expert w[ill] offer on those subjects." United States v. Duval, 272 F.3d 825, 828 (7th Cir. 2001). But see United States v. Campbell, 2006 WL 346446, at *1 (N.D. Ga. Feb. 13, 2006) (finding the government's disclosure of an expert forensic document examiner sufficient based on a four page summary of testimony and twelve-page, single-spaced report describing credentials, opinions, and overview of the process and reasoning in reaching the opinion). Therefore, the United States' expert disclosure for Juaire fails to satisfy Rule 16 because it does not provide an opinion and a summary of the methodology Juaire relied on in reaching an opinion.

---

[2] GC and GC-MS testing separates a sample into its individual components, which allows for the identification and measurement of the component. WAKE FOREST UNIVERSITY, www.wfu.edu/chemistry/courses/organic/GC/index.html (last visited September 24, 2015).

### 2. James Dolan

The second expert the United States proposes is James Dolan ("Dolan"). The United States disclosed:

> Mr. Dolan is an expert in marine engineering. He is expected to testify about the engineering components on the *M/T Stavanger Blossom* including, but not limited to: the Oily-Water Separator; Bilge Pump; Overboard Discharge Valve; storage tanks such as the Bilge Tank, Dirty Bilge Tank, Fuel Oil Sludge Tank, Waste Oil Tanks, Lube Oil Tank, and the Soot Collecting Tank; as well as associated piping, pumps, and hoses. He will also testify regarding his review of various documents from the vessel including, but not limited to: vessel diagrams of the *M/T Stavanger Blossom*, Oil Record Books; Rough Logs and Daily Sounding Logs; maintenance logs and records; and other machinery logs and documents. Further Mr. Dolan will testify that the engineering components, construction, and subsequent modification of the *M/T Stavanger Blossom* would allow the discharge of oily-waste from the vessel as described by the vessel's crew. Mr. Dolan bases his opinions on his experience and training, as described in his curriculum vitae that has been separately provided to counsel for the defendants as part of this notice.

(Doc. 82, p. 2).

Defendants aver that a scientific expert's opinion may be precluded if "[his] basis is nothing more than the expert's experience and training." (Doc. 152, p. 7). Defendants cite United States v. Frazier, 387 F.3d 1244 (11th Cir. 2004), in support of this proposition. If applicable to Rule 16 disclosure, this could be problematic for the United States. The Eleventh Circuit did affirm the district court's exclusion of an expert's opinion when it was generally based on his experience and training in Frazier. Id. at 1267. But a closer reading shows that the circumstances under which the expert in Frazier was excluded can be differentiated from those in this case. First, the district court in Frazier excluded portions of the expert's testimony

after conducting a Daubert hearing. The instant matter is before the Court on Defendants' Rule 16 motion and not after a Daubert hearing. Second, the central issue in Frazier revolved around the expert's reliability. "Frazier['s] [expert] was afforded every opportunity at the hearing to adduce the foundations of [his] challenged opinion" through direct and cross-examination. Id. at 1264. At this point, the United States has not had "every opportunity" to provide a foundation for its expert's opinion through a Daubert hearing to establish reliability. The instant matter is before the Court to decide whether the United States met the threshold requirement to provide a "written summary of any [expert] testimony the" United States intends to use. See Fed. R. Crim. P. 16(a)(1)(G). Therefore, excluding an expert's opinion because it is based on his experience and training goes too far at this point. But that does not mean that citing an expert's experience and training equals automatic satisfaction of Rule 16. The disclosure should summarize the experience and training that "might be recognized as a legitimate basis for an opinion …." See Holland, 223 F. App'x at 894.

With regards to Dolan's qualifications, the United States provided Defendants with a copy of his curriculum vitae and disclosed that he has fifty-three years experience in the relevant field. This may satisfy the qualification aspect of Rule 16. Also, the United States sufficiently provided Dolan's opinion. He will opine that the *M/T Stavanger Blossom* could discharge oily-waste from the vessel. The fact that Dolan bases his opinion on his experience and training is not fatal. Further, it is reasonable that the experience and training of this fifty-three year

veteran in marine engineering could form the basis for his opinion.  The problem is a summary regarding what part of his experience and training Dolan relied on is absent.  And there is no summary at to his testimony "regarding various documents taken from the vessel."  Rule 16 requires more than broad and sweeping references to general documents.  Therefore, the United States' Rule 16 disclosure for Dolan is insufficient because it fails to summarize what parts of his experience and training played a part in his opinion and summarize his testimony regarding the documents Dolan reviewed.

### 3.  Kathryn Cappetta, Lieutenant Junior Grade

The third expert the United States proposes is Lt. Kathryn Cappetta ("Cappetta").  The United States disclosed:

> Lt. Cappetta has been employed for three years as a Marine Inspector for the United States Coast Guard, Sector Mobile.  During this time, she has conducted numerous inspections of large vessels for compliance with U.S. and international law, including inspections to confirm compliance with pollution prevention regulations such as MARPOL and the Act to Prevent Pollution from Ships.  Lt. Cappetta has received training from the United States Coast Guard in marine inspections, including inspections of cargo and storage tanks aboard vessels.  As such, Lt. Cappetta is an expert in the measurement of vessel storage tanks, the conversion of these measurements, and the records and logs necessary to document these measurements.  She bases her opinion on her experience and training, as described in her curriculum vitae that has been separately provided to counsel for the defendants as part of this notice.  Lt. Cappetta will testify regarding her review and comparison of various documents from the *M/T Stavanger Blossom*, including but not limited to: the Oil Record Book; Rough Logs and Daily Sounding Logs; the Garbage Record Book; maintenance logs and records; and other machinery logs, sounding logs, and documents.  Further, she will testify that the Oil Record Book was fictitious, that the Oil Record Book was inconsistent with sounding logs found aboard the *M/T Stavanger Blossom*, and that the sounding logs reflect the discharge of oily-wastes from the *M/T*

7

*Stavanger Blossom*.

(Doc. 82, p. 3).

Defendants argue that the disclosure is deficient because it makes reference to numerous documents and Cappetta relied on her training and experience to come to an opinion.  (Doc. 152, p. 9).  The United States contends that the curriculum vitae, expert notice, and supporting documents in combination satisfy Rule 16.

Like Dolan, the fact that the United States disclosed that Cappetta relied on her experience and training is not fatal.  The United States provided Cappetta's curriculum vitae and disclosed that Cappetta is a seasoned inspector for the Coast Guard.  Based on the disclosure, her inspection consisted of measurements of the vessel, conversions of the measurements, and comparison to the logs maintained on the vessel.  All of this information is part of Cappetta's report and lead to her opinion that the Oil Record Book was fictitious.  Such "bases and reasons" are surely the type of "information that might be recognized as a legitimate" bases for an expert's opinion.  But what is absent is a summary of Cappetta's experience and training that spells out the required steps for the measurements, conversions, and comparisons to the logs.  Without more, an opposing party or expert would be hard pressed to analyze the merits of an expert's opinion.

Therefore, the United States' Rule 16 disclosure for Cappetta is insufficient. It fails to summarize the relevant portions of her experience and training that led to her conclusion and the steps included therein.

### 4. Kevin R. Levy

The United States fourth proposed expert is Kevin R. Levy ("Levy"). The United States disclosed:

> Mr. Levy is an expert in computer and electronic forensic analysis. He is expected to testify about the forensic analysis of computers and other electronic devises, and the seizure of electronic information from these devices. Any specific documents or other items of electronic evidence that Mr. Levy will testify about will be identified in the governments exhibit list in advance of trial. Mr. Levy bases his opinion on his experience and training, as described in his curriculum vitae that has been separately provided to counsel for the defendants as part of this notice.

(Doc. 82, p. 2).

Defendants argue that Levy's experience and training are insufficient bases for his opinion and that there is no opinion offered for Levy. (Doc. 152, pp. 8-9). The United States contends that its disclosure for Levy meets Rule 16's requirement when considered in conjunction with Levy's curriculum vitae and disclosed report. (Doc. 176, p. 8).

Here, the disclosed curriculum vitae may supply the necessary qualification notice. And like Dolan and Cappetta, Levy's reliance on his experience and training is not necessarily fatal. But like Dolan and Cappetta, the United States fails to identify what parts of Levy's experience and training provide the relevant "bases and reasons" for his opinion. The United States does attempt to disclose that Levy will testify in accordance with the "reports provided," but it is just in a generalized reference to a document. And the disclosure contains no opinion. The United States does attempt to expand on Levy's potential use at trial. See (Doc. 176, p. 9,

9

n. 6). This explanation moves towards what Rule 16 requires, but it still does not provide a an opinion nor summary of the method(s) Levy relied on to analyze the electronic equipment. Therefore, the United States has failed to meet its Rule 16 burden as to Levy.

### 5. Fred Reynolds, Special Agent

The last expert the United States proposed is Special Agent Fred Reynolds ("Reynolds"). The United States disclosed:

> S/A Reynolds is an expert in the forensic analysis of digital and electronic images and videos. He is expected to testify about his analysis and use of computer software to visually enhance digital videos taken aboard the *M/T Stavanger Blossom*. Both the original videos and S/A Reynold's [sic] enhancements have been previously provided to counsel for the defendants in discovery. S/A Reynolds bases his opinions on his experience and training, as described in his curriculum vitae that has been separately provided to counsel for the defendants as part of this notice.

(Doc. 82, p. 3).

Defendants argue that Rule 16 requires more disclosure than Reynolds will rely on his "experience and training" and that the United States failed to provide Reynolds' opinion. (Doc. 152, p. 8). The United States counters that Reynolds' curriculum vitae detailed his experience and training that formed the bases and reasons for his opinion. (Doc. 176, pp. 9-10). Further, the United States argues that it provided detailed reports of Reynolds' actions during discovery. <u>Id.</u>

The curriculum vitae may provide sufficient notice of Reynolds' qualifications, and as with the other experts, the fact that Reynolds relies on his experience and training is not fatal. But the United States failed to summarize

what part of Reynolds' training and experience provides the relevant methodology for "visually enhancing" the digital videos. Regardless of the videos being supplied to Defendants, a summary of how the enhancement occurred is necessary for Defendants to "test the merits" of his opinion "through focused cross-examination." Fed. R. Crim. P. 16, advisory committee's notes, 1993 amendment. It surely must be more involved than how the United States categorizes it: "similar increasing the contrast on a television." (Doc. 176, p. 9, n. 7). Further, the United States offers no opinion for Reynolds. Therefore, the United States Rule 16 disclosure is insufficient because it fails to summarize what part of Reynolds' experience and training provide the bases and reasons of his work or the opinion he reached based on his work.

Finding the United States expert disclosures deficient, it is necessary to decide what is necessary to bring them into compliance with Rule 16. If a party fails to comply with this rule, the court may do one of four things: (1) "order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions:" (2) "grant a continuance;" (3) "prohibit that party from introducing the undisclosed evidence;" or (4) "enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2).

Defendants argue that the United States' proposed expert testimony should be excluded, or in the alternative, the government should provide supplemental expert disclosure. Exclusion is an extreme remedy as an initial matter. The Court finds that the appropriate remedy in this matter is for the United States to

supplement its Rule 16 disclosures.

## CONCLUSION

Based on the foregoing, Defendants' motion to Compel Supplemental Notice is **GRANTED,** and the motion to Exclude the United States' experts is otherwise **DENIED**.  It is hereby **ORDERED and ADJUDGED** that the United States shall supplement its disclosures as stated above, no later than **October 7, 2014**.

**DONE and  ORDERD** this 30th day of September, 2015.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE